## PEIRE *VS.* MARTIN.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-
ORLEANS.

A verdict for the dissolution of partnership, when that part of the plain-
tiff's prayer is not expressly objected to by the defendant, cannot be
complained of; and when supported by testimony rejecting his claim
in reconvention, the verdict will not be disturbed.

The misconduct of a juror will not be deemed sufficient ground to set aside
the verdict, if from the evidence the court believe impartial justice has
been done.

This is an action by a partner in an apothecary establish-
ment against his co-partner, for a dissolution of the partner-
ship, and the final liquidation of its affairs.

The plaintiff prays that the partnership be dissolved, and
in order to effect a liquidation, that the stock in trade be sold
for the payment of the balance due on the original purchase,
and for the payment of such other debts as the firm may
owe ; and that the defendant be required to bring back to
the common stock, the sum of two thousand dollars, or what-
ever sum may be found in his trunk and sequestered. That
all the effects and property of the establishment be seques-
tered.

The defendant pleaded a general denial, and averred, that

he had no objection to a dissolution of the partnership in a

legal manner; but that by his labor, industry and attention
to the business, he has caused the concern to make large
profits, which were growing and increasing, when by the
rash, malicious and unlawful conduct of the plaintiff, they
were stopped; that the sequestration is illegal, and the suit
malicious, and brought only to destroy his character. He
prays leave to reconvene the plaintiff, and that he have
judgment for five thousand dollars in damages.

Upon these pleadings and issues the cause was tried before
the court and a jury.

After hearing the testimony introduced by the parties, and
arguments of counsel, the jury having received a written
charge from the court, returned a verdict for the plaintiff dis-
solving the partnership, and in his favor against the defend-
ant's demand in reconvention for damages.

The defendant filed his affidavit, and moved for a new
trial; first, on the ground that the verdict was contrary to
the allegations and evidence of the case. 2. That the whole
evidence disproved the plaintiff's allegations and showed on
the part of the defendant a faithful administration of the
partnership affairs. 3. Some of the jurors were guilty of
misconduct in openly expressing their opinions and prejudices
in the case against the defendant, before they had gone
through the evidence. 4. That illegal evidence had gone to
the jury.

A witness was called, who declared, he heard one of the
jurors say he would not find a verdict against the plaintiff for
the sum demanded by the defendant, because the damages
claimed were·excessive.

The Parish judge re-examined the case, and after hearing
the arguments of counsel, overruled the application for a new
trial, and gave judgment confirming the verdict, from which
the defendant appealed.

*Morphy,* for the plaintiff, insisted, that the verdict gave
the material object of the suit which was a dissolution of the
partnership, and was supported by evidence. The testimony

showed that there was no malice on the part of the plaintiff in seeking a dissolution and settlement of the partnership affairs ; that, on the contrary, he had cause of complaint.

2. The misbehaviour of a juror must be such as to convince the court that impartial justice has *not* been done, before it will disturb the verdict. *Code of Practice*, 560, *No.* 3. 4 *Martin, N. S.*, 132. 2 *Louisiana Reports*, 216.

*Soulé* for the appellant.

*Eustis, J.*, delivered the opinion of the court.

The parties to this suit were partners as apothecaries, and the plaintiff instituted his suit against the defendant; in which he prayed that the partnership, for reasons sufficient, alleged in his petition, might be dissolved, and for certain other matters necessarily incident to a dissolution of the partnership, and that the defendant be ordered to bring back into the mass, a certain sum of money in his possession.

The defendant, after putting at issue the allegations of the plaintiff's petition, claims from him the sum of five thousand dollars damages, by way of reconvention, by reason of the proceedings of the plaintiff, and various wrongs he has suffered from his acts, *touching the concerns of the partnership.*

The jury, after a charge from the court, gave a verdict for the plaintiff, for a dissolution of the partnership, and for him against the defendant, on the claim of the latter in reconvention.

That part of the verdict which *relates to a dissolution* of the partnership, the defendant cannot complain of, as in his answer he expressly repudiates any objection to it, and as to that part which relates to the claim of damages set up by the defendant, under the evidence, we cannot disturb it.

The misconduct of one of the jurors on the trial of the cause, has been urged as a ground for a new trial. The affidavit which established the conduct of the juror, which is objected to, contains no cause for setting aside a verdict in which we believe impartial justice has been done.

The misconduct of a juror will not be deemed sufficient ground to set aside the verdict, if, from the evidence, the court believe impartial justice has been done.

This cause has been submitted to us without argument, and we are not aware that any other points than these noticed, are presented for the consideration of the court.

The judgment is, therefore, affirmed with costs.